# 12-3623

---

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

UNITED STATES OF AMERICA,

      Appellee,

v.

JONG SHIN,

      Defendant-Appellant.

---

On Appeal from the United States District Court
for the District of New JERSEY

---

# CORRECTED BRIEF AND APPENDIX VOL. I
# FOR DEFENDANT-APPELLANT JONG SHIN

---

    B. ALAN SEIDLER, ESQ.
    Attorney for Defendant-Appellant
    580 Broadway
    Room 709
    New York, New York 10012
    212-334-3131

## CONTENTS

                                                    Page

Table of Cases, Statutes & Other Authorities ..... 3

Jurisdictional Statement ......................... 5

Arguments Presented .............................. 5

Case Statement ................................... 6

Statement of Facts ............................... 6

Related Cases and Proceedings .................... 12

Standards of Review .............................. 12

Argument One:

    The Reasonable Doubt charge was improper .... 12

Argument Two:

    Appellant received ineffective Assistance

    of counsel .................................. 19

Argument Three:

    Appellant's sentence was unreasonable ....... 23

Argument Four:

    Evidentiary use of cooperation agreements was

    prejudicial and improper .................... 30

Argument Five:

    The Court was without jurisdiction because ev-

    idence of bank fraud was legally insufficient  33

```
Conclusion ............................................. 35
Certifications ......................................... 36
```

## TABLE OF AUTHORITIES

### CASES

And Supp. 2004." United States v. Booker, 125 S. Ct. 738 (2005) ..................... 25

Apprendi v. New Jersey, 530 U.S. 466 (2000) ........................... 23

Argersinger v. Hamlin, 407 U.S. 25 (1972) ............................. 20

Blakely v. Washington, 124 S.Ct. 2531 (2004) ...................... 23, 24

Com. v. Martinez, 458 Mass. 684 (2011) ............................... 32

Com. v. Perez, 460 Mass. 683 (2011) .................................. 32

Cuevas v. Henderson, 801 F.2d 586 (2d Cir. 1986), cert. denied, 107 S.Ct. 1354 (1986) ..... 21

Gaines v. Hopkins, 575 F.2d 1147 (5th Cir. 1978) ...................... 20

Gideon v. Wainwright, 372 U.S. 335 (1963) ............................ 20

Koon v. United States, 518 U.S. 81 (1996) ............................ 12

Maddox v. Lord, 818 F.2d 1058 (2d Cir. 1987) ......................... 21

Marshall v. Hendricks, 307 F.3d 36 (CA3 2002) ........................ 22

McKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960) modified, 289 F.2d 928, cert. denied, 368 U.S. 877 (1961) .......................................................... 21

Kimbrough v. United States, 128 S.Ct. 558 (2007) ..................... 26

Powell v. Alabama, 287 U.S. 45 (1932) ................................ 20

State v. G.V., 162 N.J. 252 (2000) ................................... 32

Strickland v. Washington, 466 U.S. 668 (1984) ........................ 21

Sullivan v. Louisiana, 508 U.S. 275 (1993) ........................... 18

Supreme Court in Massaro v. United States, 538 U.S. 500 (2003) ....... 22

Thomas v. Varner, 482 F.3d 491 (CA3 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

USA v. Booker, 125 S. Ct. 738 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

United States v. Grier, 475 F.3d 556 (CA3 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 27

United States v. Birbal, 62 F.3d 456 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Brown, 352 F.3d 654 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 19

United States v. Cosentino, 844 F.2d 30 (CA2 1988) . . . . . . . . . . . . . . . . . . . . . . 31

United States v. Cruz, 785 F.2d 399 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . 21

United States v. Dukes, 727 F.2d 34 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . 22

United States v. Edwards, 631 F.2d 1049 (CA2 1980) . . . . . . . . . . . . . . . . . . . . . 32

United States v. Feola, 420 U.S. 671 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

United States v. Frady, 456 U.S. 152 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

United States v. Harrison, 451 F.2d 1013 (2d Cir. 1971) . . . . . . . . . . . . . . . . . . . 19

United States v. Hunt, 459 F.3d 1180 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 28

United States v. Irey, 612 F.3d 1160 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . 28

United States v. Key, 76 F.3d 350 (CA11 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 34

United States v. Kikumara, 918 F.2d 1084 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . 15

United States v. Mitchell, 146 F.3d 1338 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . 18

United States v. Olano, 507 U.S. 725 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. Plattner, 330 F.2d 271 (2d Cir. 1964) . . . . . . . . . . . . . . . . . . . . . 19

United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008) . . . . . . . . . . . . . . . . . . . . 28

United States v. Smith, 778 F.2d 925 (CA2 1985) . . . . . . . . . . . . . . . . . . . . . . . . 31

United States v. Tomko, 562 F.3d 558 (CA3 2009) . . . . . . . . . . . . . . . . . . . . . . . 28

United States v. Walker, 657 F.3d 160 (CA3 2011) . . . . . . . . . . . . . . . . . . . . . . . 35

United States v. White, 579 F. Supp.2d 1269 (M.D.Ala, 2009) . . . . . . . . . . . . . . 34

Valdez v. Scully, 627 F. Supp. 714 (SDNY 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 21

Victor v. Nebraska, 511 U.S. 1 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Von Moltke v. Gillies, 332 U.S. 708 (1968) .......................................... 19

Werts v. Vaughn, 228 F.3d 178 (CA3 2000) .......................................... 22

## JURISDICTIONAL STATEMENT

This matter is on direct appeal to the United States Court of Appeals for the Third Circuit from a Judgment of the United States District Court for the District of New Jersey (Bumb, J.). That Judgment was entered on or about September 10, 2012. The statutory provisions conferring upon this Court jurisdiction to review said Judgment are Rules 3 and 4(b) of the Federal Rules of Appellate Procedure.

## ARGUMENTS PRESENTED

1. Was the Reasonable Doubt charge of the Court erroneous?

2. Did Appellant receive ineffective assistance of counsel?

3. Was appellant's of sentence of 186 months in prison reasonable?

4. Was the introduction on the government's direct case of multiple cooperation agreements prejudicial and improper?

5. Was the court without jurisdiction and the

evidence legally insufficient?

## CASE STATEMENT

Appellant appeals from a Judgment entered in the United States District Court for the District of New Jersey (Hon. Renee Marie Bumb), on or about September 10, 2012, finding her guilty after a jury trial of Conspiracy to Commit Wire Fraud [18 USC @ 1349, Count One]; Money Laundering[18 USC @ 1956(h, Count Two], False Statements on Loan and Credit Application [18 USC @ 1014, Counts Three and Four], and her consecutive sentences of 186 months incarceration on Counts One, Three and Four, and 120 months incarceration on Count Two; concurrent Supervised Release terms of 5 years on Counts One, Three and Four, and 3 years on Count Two; Restitution in the amount of $4,603,398.21; and a total Special Assessment of $400.

Appellant is incarcerated pending appeal.

## STATEMENT OF FACTS

On April 10, 2011, appellant was charged in a 4 count superseding indictment. Count One charged a conspiracy to commit wire fraud in violation of 18 USC @@1343, 1349.

Count Two charged a money laundering conspiracy in violation of 18 USC @1956(h). Count Three charged appellant with making false statements on August 8, 2006, to influence J.P. Morgan Chase to issue mortgage loans in violation of 18 USC @@1014 and 2. Count Four charged appellant with making false statements on October 18, 2006, to influence J.P. Morgan Chase to issue mortgage loans in violation of 18 USC @@1014 and 2.

The government's proof at trial was appellant participated in a mortgage fraud scheme wherein several homes in Atlantic City, New Jersey were purchased by recruited straw buyers at falsely inflated prices. It was charged appellant set up a scheme with various co-conspirators to make materially false statements to J.P. Morgan Chase as part of the mortgage application process. Based on the false statements in the applications the banks issued mortgages to the straw buyers. When the mortgage loan proceeds were paid part of the money was used by appellant to pay kickbacks to the co-conspirators, and to purchase a liquor store in Englewood, New Jersey.

In addition to appellant, conspirators included

Esther Zhu, a mortgage broker for Summit Mortgage Brokers; Myloc Truong a straw-purchaser; "E.P." a mortgage broker at "NJ Lenders;" Michael Oxley a self employed residential and commerical real estate appraiser at Oxley Appraisal Services, LLC: Tula Rampersaud a straw buyer; Steven Boswell a straw purchaser [and ex-husband of appellant]; and Anna Shea a title clerk at ETA in Northfield, New Jersey.

The government's proof was that appellant purchased properties in, and in the vicinity of Atlantic City, New Jersey. Appellant obtained a residential appraisal for each property from Michael Oxley, and provided financial data to mortgage brokers to obtain financing to purchase the properties. After purchasing the properties appellant arranged to sell each property to straw-buyers who had good credit scores, but lacked the financial resources to qualify for mortgage loans. Straw buyers included Tula Rampersaud, Sudesh Ramersaud, Steven Boswell, and others. Appellant induced the straw purchasers to act by paying them money, and promising the straw purchasers they would not have to pay deposits, closing costs, or make monthly mortgage payments after

8

taking title to the properties. Except for conspirator Boswell, no straw purchaser appeared at a Closing with money. Rather appellant instructed Shea to have each seller divert bank funds back to the straw purchaser to cover the closing costs.

As to Count Three, the false loan statements on August 8, 2006, were to to influence J.P. Morgan Chase to issue a mortgage loan to Tula Rampersaud for a property located at 136 South Bellevue, Atlantic City, New Jersey. While Rampersaud signed the loan application [SA468] it was prepared in major part by appellant, and appellant further directed Michael Oxley to prepare a false appraisal for the residence to support the mortgage loan application. Oxley was paid by appellant for the inflated appraisals.

As to Count Four, the false loan statments on October 18, 2006, were again to influence J.P. Morgan Chase to issue a mortgage loan to co-conspirator, and straw-purchaser Sudesh Rampersaud on a property located at 1929 Blaine Avenue, Atlantic City, New Jersey. While Sudesh Rampersaud signed this loan application it was prepared in major part by appellant, and appellant again directed

Michael Oxley to prepare a false appraisal for the residence to support the mortgage loan application.

Property closings were held at the offices of ETA in Northfield, New Jersey. At the closings co-conspirator Anna Shea manipulated documents, and presented loan documents to the straw purchasers for signature. Shea executed wire transfers of loan proceeds, and issued loan proceeds checks from the ETA escrow account at TD Bank, and by credit memos, to appellant and others.

The government's further proof was that appellant had the initial straw purchasers resell the properties to new and additional straw purchasers. Appellant obtained fraudulent, further inflated appraisals for the properties to be resold from Michael Oxley. To purchase said properties the new straw purchasers obtained additional, false mortgage loans. Appellant would then make several mortgage payments on each property, and then default. The properties then went to foreclosure.

The properties involved in the alleged scheme were located at: 136 South Bellevue Avenue, Atlantic City, New Jersey; 138 South Bellevue Avenue, Atlantic City, New Jersey; 148 South Bellevue Avenue, Atlantic City, New

Jersey; 150 South Bellevue Avenue, Atlantic City, New Jersey; 133 South Wilson Avenue, Atlantic City, New Jersey; 512 Magellan Avenue; Atlantic City, New Jersey; 1929 Blain Avenue, Atlantic City, New Jersey [SA577].

Cooperator Sudesh Rampersaud's cooperation agreement was admitted into evidence on the government's direct case [SA512]. Cooperator Oxley's cooperation agreement was admitted into evidence on the government's direct case [SA600]. Cooperator Shea's cooperation agreement was admitted into evidence on the government's direct case [SA713]. Cooperator Boswell's cooperation agreement was admitted into evidence on the government's direct case [SA796]. Tula Rampersaud's cooperation agreement was admitted into evidence on the government's direct case [SA845].

At her trial, appellant through counsel stipulated that Commerce Bank NA, presently known as TD Bank North NA, and J.P. Morgan Chase Bank NA were insured by the Federal Deposit Insurance Corporation.

Appellant was advised by the Court of her right to testify at trial in her defense [SA931], but did not do so.

**RELATED CASES AND PROCEEDINGS**

None.

**STANDARDS OF REVIEW**

Arguments One, and Five should be reviewed <u>de novo</u>.

Argument Two, the District Court's findings of fact are reviewed for clear error, and an independent appellate judgment is made on whether the facts constitute ineffective assistance of counsel. <u>United States v. Hagins</u>, 452 Fed.Appx. 141 (CA3 2011).

Argument Three should be reviewed by an abuse of discretion standard.

Argument Four, the admissibility of evidence should be reviewed by an abuse of discretion standard of review. A District Court by definition abuses its discretion when it makes an error of law. See, <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996).

**AGUMENT ONE: THE REASONABLE DOUBT JURY CHARGE WAS ERRONEOUS**

<u>Summary of Argument</u>: The reasonable doubt charge discussed the concept without context, and the charge diminished the standard to be applied.

Argument: On the issue of reasonable doubt the Judge charged the jury as follows [SA999-SA1000]:

"Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason logic, common sense or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence or from the lack of evidence or from the nature of the evidence. If having now heard all of the evidence your are convinced that the government proved each and every element of the offenses charged beyond reasonable doubt, you should return a verdict of guilty for that offense. If, however, you have a reasonable doubt about one or more of the elements of the offense

charged, then you must return a verdict of not guilty on that offense."

That jury charge is misleading and incomplete.

The instruction, "It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life" is without proper jury guidance, and is erroneous. Appellant recognizes that the Constitution neither prohibits rial courts from defining reasonable doubt nor requires them to do so as a matter of course. See, <u>Victor v. Nebraska</u>, 511 U.S. 1 (1994). Reasonable doubt is generally recognized to be a term "least susceptible to verbal formulation." <u>United States v. Birbal</u>, 62 F.3d 456, 457 (2d Cir. 1995). However, appellant submits that when a Court does define reasonable doubt it cannot do so erroneously. It is far better to not define the term, than give a false definition. The test is not whether the District Court stated the instruction for the most part correctly.

The aforesaid definition discusses, but does not define the concept. It does not place the burden of

proof in the context of legal principles. The statement makes no attempt to define reasonable doubt in the context of other standards applicable in criminal cases. In attempting to define reasonable doubt the District Judge did not inform the jury that reasonable doubt is a higher standard of proof than the preponderance of the evidence standard [used for example in competency proceedings under 18 USC @ 4241(d), or in a determination of the voluntariness of a consent to search, etc., or the clear and convincing evidence standard sometimes employed in sentencing determinations, see <u>United States v. Kikumara</u>, 918 F.2d 1084, 1101 (3d Cir. 1990)].

Further, defining reasonable doubt by stating it is of such convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs is incomplete, and just incorrect. For example, if a reasonable person owned a sail boat, and that reasonable person was deciding whether to take his wife and children sailing on a given day, and that reasonable person listened to a Coast Guard weather forecast that informed the reasonable person that there was a 51% [preponderance of the

evidence standard] chance of severe electrical storms to occur in that vicinity during the time of the planned sail, surely that weather forecast would cause a reasonable person to hesitate whether that reasonable person should then take his family out on the sail boat. Likewise, if that reasonable person was informed by the weather forecast that the Coast Guard was clearly convinced that electrical storms would occur during the time of the planned sail, would not that weather forecast also cause a reasonable person to hesitate or reconsider whether that reasonable person should then take his family out on the sail boat. In both instances the consideration and reconsideration by the reasonable person would meet the definition given to the instant jury of reasonable doubt by the Court, but beyond a reasonable doubt was not the weather forecast standard. The Coast Guard weather forecasts were given in terms of the preponderance of the evidence, and clear and convincing evidence, and not beyond a reasonable doubt. Yet, each weather forecast would of course still "cause a reasonable person to hesitate to act in a matter of importance in his or her life." A reasonable person

would accept the Coast Guard weather forecast as a convincing tool, and would not hesitate to rely and act upon the Coast Guard report concerning the most important decision of whether to take his family sailing under a given threat of an electrical storm.  Therefore, the Court's charged definition of reasonable doubt was met, although reasonable doubt was not established.  This jury charge was therefore erroneous in defining reasonable doubt.  More meaningfully, if the Court did not want to specifically define reasonable doubt, at least the jury should have been informed that reasonable doubt is the highest burden of proof the law provides, and that reasonable doubt differs from, and is a greater burden of proof than the preponderance of the evidence standard, or the clear and convincing evidence standard.  Context is also important in defining reasonable doubt so a jury understands the heavy burden involved in such proof.  A continuum of the burdens of proof was not explained to this jury.  An accurate definition of reasonable doubt was not presented to this jury.  A judge must accurately define many terms in the jury charge, e.g. intent, knowingly, circumstantial evidence, etc.  Reasonable

doubt must not be permitted to hang on the individual interpretation of the term employed by jurors.

The instant jury charge attempted to define "reasonable doubt" one time in the entire charge, and that attempt is set forth aforesaid. Appellant submits the erroneous reasonable doubt charge was a structural error that requires reversal because in essence it relieved the Government of its burden of proving guilt beyond a reasonable doubt. See, <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 282-83 (1993). However, even assuming the instant jury instruction should be reviewed for plain error, appellant submits error in defining the concept of proof beyond a reasonable doubt is such an error that seriously affects the fairness, integrity or public reputation of judicial proceedings. <u>United States v. Olano</u>, 507 U.S. 725 (1993); <u>United States v. Mitchell</u>, 146 F.3d 1338 (11th Cir. 1998). The plain error doctrine permits the Court of Appeals to correct egregious errors which may be viewed to effect the fairness of the trial. Fed.Rules Cr.Proc. 52(b). Further, the plainness of the error can be based on well settled legal principles as well as settled legal precedents. <u>United States v.</u>

Brown, 352 F.3d 654, 664 (2d Cir. 2003).

**ARGUMENT TWO: INEFFECTIVE ASSISTANCE OF COUNSEL**

<u>Summary of Argument</u>:  Appellant's counsel was ineffective for not raising the sentencing issues as set forth in this brief, and for failure to move to dismiss the indictment because of legally insufficient evidence.

<u>Argument</u>:  The Sixth Amendment to the United States Constitution provides for an accused's right to counsel:

> "in all criminal prosecutions, the accused shall enjoy the right ..... to have the assistance of counsel for his defence."

The right to such assistance in a criminal prosecution means the right to assistance at every stage of the proceeding. <u>United States v. Harrison</u>, 451 F.2d 1013 (2d Cir. 1971); <u>Von Moltke v. Gillies</u>, 332 U.S. 708, 723-24 (1968); <u>United States v. Plattner</u>, 330 F.2d 271, 274 (2d Cir. 1964).  That right is amplified by Rule 44 of the Federal Rules of Criminal Procedure which states in section "(a)" thereof:

> "Every defendant who is unable to obtain counsel shall be entitled to have